# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50431 | **DATE** | 3/18/2002 |
| **CASE TITLE** | SIMS vs. SENIOR INCOME REVERSE MORTGAGE CORP | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, HUD's motion to dismiss under 12(b)(1) for lack of subject matter jurisdiction is granted without prejudice, and the plaintiffs are given twenty-one days to file an amended complaint, identifying the statutory basis for a wavier of HUD's sovereign immunity. If an amended complaint is not filed within twenty-one days, the dismissal as to HUD will be made with prejudice, and the case as to Senior Income will be remanded to state court.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | MAR 18 2002 | 24 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 3-18-02 | |
| | | date mailed notice | |
| /SEC | courtroom deputy's initials | 02 MAR 18 PM 2:52 FILED-WD Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiffs, Elbert and George Ella Sims, originally filed a complaint in state court against defendants, Senior Income Reverse Mortgage Corporation ("Senior Income") and The Department of Housing and Urban Development ("HUD"), alleging that Senior Income unlawfully claimed a right in the plaintiffs' premises by virtue of a fraud perpetrated on the plaintiffs by Senior Income. The complaint also alleged that HUD obtained a lien through the same transaction. HUD then properly removed the case to this court, pursuant to 28 U.S.C. §§ 1442 and 1444. Plaintiffs were given leave to amend their complaint.

Plaintiffs' amended complaint alleges the same facts as the state court complaint: that as a result of the fraudulent scheme perpetrated by Senior Income, plaintiffs delivered to HUD a reverse mortgage on their property. (Pl. Am. Compl., ¶ 15). Plaintiffs further contend that the failure to provide adequate counseling by HUD, according to its regulations, caused the plaintiffs to be "duped" by the scheme orchestrated by Senior Income. (Pl. Am. Compl., ¶ 14).

Each defendant has moved to dismiss, and these motions are before the court. Senior Income argues that plaintiffs have not satisfied the particularity requirements of Federal Rule of Civil Procedure 9(b) for pleading fraud, and seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). HUD seeks dismissal pursuant to Rules 12(b)(1), 12(b)(6) and 9(b). The 12(b)(1) motion asserts sovereign immunity.

When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), the court should ordinarily decide the 12(b)(1) motion first because dismissal under this rule makes other challenges moot. Cleveland v. Sec'y of Health and Human Servs., No. 93 C 0994, 1993 WL 321755, at *2 (N.D. Ill. Aug. 19, 1993). The court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. United Transp. Union v. Gateway Western Ry. Co., 78 F.3d 1208, 1210 (7th Cir. 1996).

A judicial proceeding against property in which a federal agency has an interest is a suit against the United States, and cannot be maintained without its consent. See United States v. Dansby, 509 F. Supp. 188, 195 (N.D. Ohio 1981) (citing United States v. Alabama, 313 U.S. 274, 282 (1941)). The United States government may be sued only where Congress has waived its sovereign immunity, and the existence of such waiver is a prerequisite for jurisdiction. Hercules, Inc. v. United States, 516 U.S. 417, 422 (1996); LaBonte v. United States, 233 F.3d 1049, 1051 (7th Cir. 2000). In order for plaintiffs to maintain an action against the United States, they must rely on a statute in which the United States has expressly waived sovereign immunity. See Chhabria v. United States Internal Revenue Serv., No. 93 C 0068, 1994 WL 71432, at *2 (N.D. Ill. Mar. 4, 1994). If there is no waiver of sovereign immunity, the action must be dismissed. See id. (citing United States v. Mottaz, 476 U.S. 834 (1986)).

Plaintiffs' amended complaint was filed in this court after removal from state court. The Federal Rules of Civil Procedure govern case procedure after removal. Fed. R. Civ. P. 81(c). Federal Rule of Civil Procedure 8(a) requires that the grounds for the court's jurisdiction be stated in the complaint. A party suing the United States, its agencies or officers must identify in its complaint a specific statute containing a waiver of the government's immunity from suit. See In re W.L., No. 98 C 6055, 1999 WL 33878, at *3 (N.D. Ill. Jan. 19, 1999); Thomas v. Pierce, 662 F. Supp. 519, 523 (D. Kan. 1987). Plaintiff's amended complaint fails to identify the statute waiving the government's sovereign immunity. Consequently, the plaintiffs' amended complaint must be dismissed as to HUD for lack of subject matter jurisdiction. See In re W.L., 1999 WL 33878, at *3. Without the federal defendant, this court lacks jurisdiction over Senior Income, and therefore over its motion to dismiss. See Sullivan v. Conway, 157 F.3d 1092, 1095 (7th Cir. 1998); Bily v. Ill. Cent. Gulf R.R. Co., 637 F. Supp. 127, 130 (N.D. Ill. 1986).

For the reasons stated above, HUD's motion to dismiss under 12(b)(1) for lack of subject matter jurisdiction is granted without prejudice, and the plaintiffs are given twenty-one days to file an amended complaint, identifying the statutory basis for a waiver of HUD's sovereign immunity. If an amended complaint is not filed within twenty-one days, the dismissal as to HUD will be made with prejudice, and the case as to Senior Income will be remanded to state court.